## Commonwealth v. Ballante.

*Criminal law — Banks and banking — Fraudulent check — Locus fori — Deposit in letter-box—Jurisdiction—Act of April 18, 1919.*

1. Where a check is drawn against insufficient funds in bank, in violation of the Act of April 18, 1919, P. L. 70, and deposited in a mail-box in the county, the mailing of the check does not complete the transaction and make final delivery, inasmuch as the sender has the right to demand a return of it by the postmaster on proper identification.

2. In such case, the delivery is complete when the payee receives it in another county, and the courts of the latter county have jurisdiction of the offence.

Motion for new trial and arrest of judgment. Q. S. Blair Co., March Sess., 1922, No. 22.

*M. D. Patterson*, District Attorney, for Commonwealth.

*Wallace Chisholm*, for defendant.

BALDRIGE, P. J., Oct. 31, 1922.—The defendant was convicted under the Act approved April 18, 1919, P. L. 70, which provides that any person who, with intent to defraud, shall make, draw or deliver any check, and has not sufficient funds in the bank upon which the check is drawn, shall be guilty of misdemeanor.

The defendant moved for a new trial and to arrest the judgment on the ground that this court had no jurisdiction because the check was drawn and placed in the mail in Huntingdon County, and that, therefore, the offence was not committed in this county.

"Deliver," in legal phraseology, means the final, absolute transfer to the payee: Black v. Shreve, 13 N. J. Eq. 455. The delivery to the post-office is a constructive and technical delivery. It is not that complete transfer and final step which this statute contemplates. This is especially true since the regulations of the United States Post-Office have been altered so that a sender of mail may apply for it after he has deposited it in a letter-box, when he can identify it, and the postmaster must return it to him: 13 Corpus Juris, 302.

The delivery, therefore, of the check to the mail did not complete the transaction. The ultimate result was had, and the delivery completed, when the drawee in the check received possession of it. The fraud, therefore, was finished in this county, and, therefore, this court has jurisdiction.

The motion for a new trial and arrest of judgment is, therefore, overruled.